FILED

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI JUL 21 2006
FIRST JUDICIAL DISTRICT

BARBARA DUNN CIRCUIT CLERK

EDWARD SENU-OKE                                            PLAINTIFF

VS.                                    CAUSE NO. 251-06-725CIV

JACKSON STATE UNIVERSITY,
DR. RONALD MASON, JR., DR. JOSEPH
STEVENSON AND DR. VELVELYN B. FOSTER         DEFENDANTS

## COMPLAINT

COMES NOW, Edward Senu-Oke, who files this complaint against defendants and, in support thereof, would show as follows:

1. Plaintiff, an alumnus of Jackson State University, is a citizen of Nigeria and is an adult resident of Robbins, Illinois, residing at 3214 Hendricks Rd.; Robbins, Illinois 60472.

2. Jackson State University ("JSU") is an institution of higher learning and is a division of the State of Mississippi with its primary campus in Jackson, Mississippi. JSU may be served by citation by serving Attorney General Jim Hood, Mississippi Attorney General's Office, Carroll Gartin Justice Building, 450 High Street, Jackson, Mississippi, 39201.

3. Defendants Dr. Ronald Mason, Jr., Dr. Joseph Stevenson and Dr. Velvelyn Foster, on information and belief, are adult resident citizens of Hinds County, Mississippi. Dr. Mason may be served at his office at Jackson State University, 1400 John R. Lynch St., Administration Tower, Ninth Floor, Jackson, Mississippi 39217. Dr. Foster may be served at her office at Jackson State



EXHIBIT A

University, 1400 John R. Lynch St., Administration Tower, Seventh Floor, Jackson, Mississippi 39217. Dr. Stevenson may be served at his office at the JSU ECenter, 1230 Raymond Rd., Jackson, Mississippi 39204.

4. This Court has jurisdiction of the persons and subject matter.

5. Venue is proper in this Court

## FACTS

6. At all times relevant hereto, Defendant Dr. Joseph Stevenson was the Director of the Executive Ph.D (EPHD) program at JSU; Dr. Velvelyn Foster was interim provost and, upon information and belief, was Dr. Stevenson's direct superior; and Dr. Ronald Mason, Jr. was president of JSU and the direct superior of Dr. Foster and the chief executive officer of JSU with overall responsibility for all employees and programs of JSU. At all times relevant hereto, Drs. Stevenson, Foster and Mason were acting in the course and scope of their employment with JSU and, accordingly, their actions are imputed to JSU under the doctrine of *respondeat superior*.

7. In 2004, Plaintiff applied for and was accepted into the first class, or cohort, of a new program at JSU known as the Executive Ph.D (EPHD) program which was to begin classes in August, 2004. He paid the required deposit of $2000 in July 2004 which deposit remains in possession of JSU.

8. After arriving on campus and attending part of the orientation program for the new students, Plaintiff was unexpectedly summoned by his employer to return to his place of employment, Joliet Junior College in Illinois, because of important business that required his presence.

9.  Two days later he attempted to return to JSU for completion of orientation and the beginning of classes but was denied the right to return by Defendant Dr. Joseph Stevenson.

10. In the ensuing weeks and months, Plaintiff sent numerous letters and emails to Dr. Stevenson attempting to obtain a hearing before Dr. Stevenson to understand why he was dismissed from the program and to plead his case for remaining in the program. During that time, Plaintiff even traveled from Illinois to the JSU campus and visited Dr. Stevenson's office in an attempt to meet with Dr. Stevenson, but Dr. Stevenson would not meet with Plaintiff.

11. Plaintiff is a citizen of Nigeria and has planned for quite some time to return to Nigeria in late 2006 to run for public office. He desired to obtain his doctorate before returning to his native country, among other reasons, in order have more opportunities in the field of academics and to have the title of "Doctor" when he runs for public office as he has long planned to do. The EPHD program fit perfectly with his plans because it was designed to accommodate those who had jobs and could not be on campus full time.

12. In his correspondence to Dr. Stevenson, Plaintiff clearly explained his need to obtain his doctorate before leaving the United States, and explained that enrolling at a later date would not enable him to do so.

13. Plaintiff offered Dr. Stevenson numerous alternatives that would enable him to meet his goal, but Dr. Stevenson would make no concessions, compromises or accommodations.

14. After Plaintiff obtained counsel, and, through counsel, continued to request a meeting, Defendant Dr. Stevenson agreed to meet with Plaintiff in December, 2005, sixteen months after the meeting was first requested by Plaintiff and four months after the meeting was requested by Plaintiff's counsel. At that meeting, Dr. Stevenson refused to make any concessions or compromises or to offer any accommodations to Plaintiff to allow him to complete in a timely fashion the program he had been admitted to in 2004.

15. The following day, Plaintiff met with Defendant Dr. Velvelyn Foster, Dr. Stevenson's superior, to plead his case and to request accommodations from JSU that would enable him to meet his goals. Again, Plaintiff offered a number of scenarios that would enable him to obtain his doctorate in a timely manner without in any way compromising the academic integrity of the program or of JSU. Dr. Foster agreed to meet with other faculty and administrators at JSU on January 4, as soon as they returned from the holidays, and explore such accommodations and give an answer to Plaintiff shortly thereafter. Plaintiff made a number of suggestions as to how his goals could be met and stressed that time was of the essence.

16. Dr. Foster did not reply for more than six weeks and, when she finally did reply, refused to make any accommodations or concessions that would enable Plaintiff to meet his goals.

17. Continuous requests to Dr. Foster, through JSU's counsel, for another meeting was met with nothing but silence.

18. On October 4, 2006, Plaintiff, through counsel, served upon Dr. Mason, via certified U.S. mail, a notice of claim pursuant to Miss. Code Ann. §11-46-11 which Dr. Mason received on October 7, 2005. A copy of said notice of claim is attached hereto as Exhibit A.

## BREACH OF CONTRACT

19. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-18.

20. By arbitrarily, capriciously and unfairly denying Plaintiff the right to continue in the program to which he had been accepted and for which he had paid the required fee, Defendants breached their contract with Plaintiff and are liable for damages arising therefrom, and Plaintiff is entitled to other remedies threrefor.

## DISCRIMINATION

21. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-20.

22. Defendants discriminated against Plaintiff, a Nigerian, on the basis of his national origin in violation of the Equal Protection Clause of the Constitution of the United States and of provisions of the Constitution of the State of Mississippi and of various statutes, particularly 42 U.S.C. § 1983, and are liable for damages arising therefrom, and Plaintiff is entitled to other remedies therefor.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-22.

24. Defendants engaged in and continue to engage in actions that they know are improper, arbitrary and capricious and that they know or should know will cause harassment, embarrassment and humiliation to Plaintiff and will thereby cause Plaintif emotional distress. Defendants' actions include, but are not limited to, refusing to grant Plaintiff due process by refusing to meet with him in a timely manner; by refusing to reply to his many requests, both personally and through his attorney, for meetings and/or information; by refusing to remove a defamatory document from his file; and by refusing reasonable accommodations to enable Plaintiff to obtain the degree for which he had contracted with Defendants.

## DENIAL OF DUE PROCESS

25. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-24.

26. Defendants denied Plaintiff basic procedural and substantive due process to which he is entitled under the Fifth and Fourteenth Amendments of the United States Constitution and under provisions of the Constitution of the State of Mississippi by, among other actions, dismissing him from the EPHD program with no hearing or other basic due process and by thereafter continually denying Plaintiff the right to a hearing or other due process and by not accommodating his requests to rejoin his class, and Plaintiff is entitled to monetary damages and other remedies therefor

## EQUITABLE ESTOPPEL

27. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-26.

28. Plaintiff relied on promises and commitments by and a contract with Defendants and took action detrimental to himself based on that reliance; and Defendants, therefore, should be equitably estopped from refusing to honor those promises and commitments and the contract.

## DAMAGES AND REMEDIES

27. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-26.

28. As a result of the wrongful acts and breaches of the Defendants, Plaintiff is entitled to the following:

    a. Specific performance under the contract between Plaintiff and Defendants

    b. Damages in the amount of $1,000,000 for pain and suffering, humiliation, embarrassment, loss of opportunity and loss of income.

    c. Attorney fees and costs.

    d. All other relief, in law and in equity, to which Plaintiff may be entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Edward Senu-Oke demands judgment against the Defendants.

THIS the 17th day of July, 2006.

Respectfully submitted,

_E. J. Senu-Oke_
EDWARD SENU-OKE, PLAINTIFF

COUNSEL:

_____
Frank "Kim" Breese, III   MSB#101416
BREESE LAW OFFICE, PLLC
795 Woodlands Pkwy., Suite 100
Ridgeland, Mississippi 39157
601-351-3339
Fax: 601-956-2090